Fuchsberg, J. (dissenting).
I concur in the dissenting opinion of Judge Wachtler, but I would go one step further as to the mail item.
Petitioner’s complaint alleged simply that a piece of paper with writing on it, which he had received in the mail, had been summarily confiscated by prison officials. Respondent’s opposing papers suggest nothing to the contrary. As the present possessor of the mailed item, he must be familiar with its contents. Yet, he makes no claim, for instance, that it has any of the characteristics of an object whose very presence in a prison would be dangerous.
In short, it appears uncontroverted that the mailed item was of the sort which at least ought properly to have been submitted to the Facility Media Review Committee (Administrative Bulletin, No. 60). I, therefore, respectfully urge that there is no need to remand for a court hearing on that issue.
The petitioner has indicated that he would find it acceptable relief were we to order the disputed piece of mail submitted to the committee. Indeed, that was his original request.
If the purpose of the remand is to permit the court, instead of the committee, to determine whether petitioner is entitled to receive the mailed item, I believe such a bypass would be unwise under the present circumstances. The institution of such presumptively objective committees acting pursuant to written standards represents a step forward in securing prisoners their constitutional rights. Here, it appears the committee has never even seen the document in issue. There is thus no evidence to indicate that it would rule other than fairly on the merits.
The general principle requiring the exhaustion of administrative remedies prior to review by a court exists in great measure precisely because it is desirable to have a unitary rather than a dual view of what the written standards mean. Correctional administration is truly an area in which expertise should be invaluable; a court ought, in all instances save *727 where it is demonstrably futile, to have the benefit of that expertise when it reviews.
Such orderly procession is most likely to guarantee that there will be consistency instead of confusion as to what the standards mean and how they should be administered. It is also more likely to encourage the goal of achieving fair internal enforcement of those standards in the first instance. If we wish to encourage committees like the Facility Media Review Committee here to act in a principled manner, we ought to demonstrate our interest in their view on a particular instance such as the one before us, rather than pre-empting responsibility for the initial determination.
The petitioner here has waited a long time for his mail, and so, understandably, the urge to grant him the most expedient relief possible is strong. Nevertheless, what he has asked is that the mail be submitted to the committee, and that, in my view, would provide the best balance among the interests before us.
Accordingly, I would remand on the question of the religious practice but would order the mail in question submitted to the appropriate committee without further delay.
In Matter of Jamie Barnes v La Vallee: Chief Judge Breitel and Judges Jasen, Gabrielli and Jones concur in memorandum; Judge Wachtler dissents and votes to reverse in a separate opinion in which Judge Fuchsberg concurs in another dissenting opinion; Judge Cooke taking no part.
In Matter of Jamie (Cid) Barnes v La Vallee: Chief Judge Breitel and Judges Jasen, Gabrielli and Jones concur in memorandum; Judges Wachtler and Fuchsberg dissent and vote to reverse in separate dissenting opinions; Judge Cooke taking no part.
In each case: Order affirmed.